## John B. DeVoney, Defendant in Error, v. A. Chiappe et al., Plaintiffs in Error.

### Gen. No. 18,809.     (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Judson F. Going, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed April 28, 1915.

### Statement of the Case.

Action by John B. DeVoney against A. Chiappe, E. Chiappe and J. Linale in the Municipal Court of Chicago for $315 on a judgment note. Upon a motion of the makers of the note, the judgment was opened up and leave was given to file an affidavit of defense upon the merits. The suit was discontinued as to E. Chiappe. Verdict and judgment for plaintiff for $315. Defendant brings error.

The evidence offered by defendants tended to show that in March, 1911, they entered into negotiations with plaintiff for the purchase of certain improved real estate in Chicago, owned by Rafelo Arrigo, for whom defendant in error was agent; that as defendants were unable to speak or understand the English language the negotiations were conducted by all the parties in the Italian language; that the property was represented by plaintiff to be thirty-seven and one-half feet in width and one hundred feet in depth; that relying upon the representation of plaintiff that the only incumbrance upon the property was a mortgage for $5,000, defendant agreed to purchase the property for $9,200, paying $500 in cash, $3,700 within five days after the title to the property was found to be good, and assuming the payment of the said mortgage and the taxes for 1910; that plaintiff then knew that the property was subject to an easement of passageway

and to certain building line restrictions for the benefit of the owner of the adjoining lot; that the contract for the sale and purchase of the property was drafted by plaintiff in the English language, and as so drafted the property was to be conveyed subject to party wall agreements, building line restrictions and building restrictions of record; that defendants then informed plaintiff that they did not understand the provisions of the said agreement as drafted in the English language and that they would not sign the same unless and until plaintiff gave them a paper written in the Italian language embodying the terms of the contract; that plaintiff then prepared and gave to them a paper written in the Italian language, which he signed and which he assured them was just like the contract written in the English language; that defendants thereupon signed the contract as drafted in the English language; that the correct English translation of the said paper written in the Italian language is as follows:

"Chicago, March 11, 1911.

I, John B. DeVoney, with these presents do guarantee to convey to brothers A. & E. Chiappe and J. Linale, the property in Chicago at Number 903 Franklin Street, and said parties agree to purchase for Nine Thousand Two Hundred Dollars ($9,200) and pay all Taxes for the year 1910. The above amount to be paid as follows: Forty-two Hundred Dollars ($4,200) in cash, and to assume a mortgage of Five Thousand Dollars ($5,000), with interest at 5½%. The title to the property must be free from all impediments.

Oak Savings Bank.
Jno. B. DeVoney."

F. WILLIAM KRAFT, for plaintiffs in error.

I. B. PERLMAN, for defendant in error; M. A. MILKEWITCH, of counsel.

·MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*what should accompany request for amendment of affidavit of merits.* A motion for leave to amend the affidavit of the merits should be accompanied with a statement of the matters constituting the proposed amendment.

2. EVIDENCE, § 264*—*when translated copy of contract admissible.* Where parties unable to understand the English language conducted negotiations for the purchase of property in their own language, and agreed to purchase property at a certain price free from any restrictions, and the vendor drafted the contract of sale so that the property was subject to party wall agreements, building line restrictions and building restrictions of record, and the vendees refused to sign the contract until the vendor prepared a copy of it in their own language, such instrument, purporting to be a copy of the original contract but which recited that the property sold was free from all incumbrances, is admissible in evidence in an action against the vendees upon a note given under the contract.

3. VENDOR AND PURCHASER, § 352*—*when certified copy of instrument creating incumbrance admissible.* In an action on a judgment note given under a contract for the sale of land free from incumbrances, certified copies of agreements creating an easement and building restrictions on the property are improperly excluded.

4. VENDOR AND PURCHASER, § 143*—*when easement an incumbrance.* An easement is an incumbrance on property within the terms of a contract for the sale of land free from incumbrances.

5. FRAUD, § 134*—*when instruction erroneous as invading. province of jury.* An instruction, which states that if the defendants were illiterate persons and signed the papers in question upon the reading thereof by the plaintiff, when they had a friend or friends near by who. might have been called upon to read the same, they were guilty of such negligence as would preclude them from any remedy for fraud in misreading, infringes upon the province of the jury.

6. INSTRUCTIONS, § 119*—*when erroneous as not based on evidence.* An instruction that if the defendants were illiterate persons and signed the papers in question upon the reading of the same to them by the plaintiff, when they had a friend or friends

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

near by who might have been called upon to read such papers, they were guilty of such negligence as would preclude them from any remedy for fraud, is prejudicial where there is no such evidence in the record.

J. J. Warren, v. Inter State Realty Company, Appellee, on appeal of T. E. Walters, Garnishee, Appellant.

Gen. No. 19,337.   (Not to be reported in full.)

J. J. Warren, Defendant in Error, v. Inter State Realty Company, Plaintiff in Error.

Gen. No. 19,543.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago in case No. 19,337. Error to the Municipal Court of Chicago in case No. 19,543; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed as to No. 19,337. Reversed and remanded as to No. 19,543. Opinion filed April 28, 1915.

## Statement of the Case.

Action by J. J. Warren against the Inter State Realty Company, a corporation and T. E. Walters, garnishee.

No. 19,337 involves the propriety of a judgment in the Municipal Court for $2,469 in favor of the Inter State Realty Company against T. E. Walters, garnishee, for the use of J. J. Warren, and No. 19,543 involves a judgment for the like amount recovered in said court by said Warren against said Inter State Realty Company.

In No. 19,337 there was a trial by the court and the record is here on the appeal of the garnishee, Walters,